WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Bonnie T. Ramos, et al.,

Plaintiffs,

v.

Wells Fargo Home Mortgage, et al.,

Defendants.

No. CV-17-00316-PHX-GMS

**ORDER**

Pending before the Court are the following motions: the Motion for Reconsideration of Defendant Wells Fargo Home Mortgage (Doc. 78); the Motions in Limine of Defendant Wells Fargo Home Mortgage (Docs. 94, 95) and the Motion for Sanctions of Defendant Wells Fargo Home Mortgage (Doc. 87). The Court will also address the arguments raised by the parties in their proposed Final Pretrial Order regarding the issue of waiver of the right to a jury trial. Here is the resolution of the motions and issues: The Motion for Sanctions is granted. The Motion for Reconsideration is denied. Plaintiff has waived her right to a jury trial and this case will therefore be tried before the Court. The Motion in Limine regarding adjudicated claims is granted in part and denied in part. And finally, the Motion in Limine regarding adjudicated claims is denied as moot.

## BACKGROUND

Because both parties and the Court are familiar with the background of the various motions here, a detailed factual summary is not necessary at this point.

## DISCUSSION

## I. Wells Fargo's Motion for Sanctions

### A. Legal Standard

Federal Rule of Civil Procedure 26 requires parties to provide to opposing parties—without awaiting a discovery request—"the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). The rule also requires disclosure of "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." *Id.* (ii). Parties are excepted from the disclosure requirements if they plan to only use the individual or information for impeachment purposes. *Id.* (i)–(ii).

Rule 26(e) requires parties to supplement those disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.* (e)(1)(A).

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Rule 37(c) therefore establishes an "automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (alterations and quotation marks omitted). The rule represents a "broadening of the sanctioning power" and district courts have wide discretion to issue sanctions under it. *R&R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1245 (9th Cir. 2012) (citing *Yeti by Molly*, 259 F.3d at 1106)). The party facing sanctions has the burden to show that the failure to disclose was substantially justified or harmless. *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008).

**B. Analysis**

Initial disclosures as required by Rule 26(a) were exchanged between the parties on or before March 31, 2017. (*See* Doc. 18 at 1.) The Court's case management order required that all fact discovery in this case conclude on May 4, 2018. (*See* Doc. 37.) On May 4, *2019*, Ramos sent her Fourth Supplemental Rule 26 Disclosure Statement. (*See* Doc. 87-4.) In that disclosure, Ramos provided the name of Matt Bradbury, a former employee of Wholesale Capital Corporation, as a fact witness. She also disclosed emails exchanged between Bradbury and Leo Ramos in December 2016. Ramos had previously identified Matt Bradbury—in an affidavit supporting her arguments at the summary judgment stage—as the individual who informed her that she was ineligible for a new VA loan for her home because U.S. Bank was the trustee of the property. (*See* Doc. 69 at 5.) But Ramos did not disclose Bradbury as a fact witness or the emails before the discovery deadline closed.

Ramos initially contends that she did not in fact violate the requirements of Rule 26(a). Her argument rests on the fact that the Court's Case Management Order did not contain a separate deadline for supplementation of Rule 26(a) disclosures. Ramos contends that under the Rules, therefore, supplementation may occur until thirty days before trial is set to begin, and that since a trial date has yet to be set in this case, she cannot have violated Rule 26(a)'s requirements. But Rule 26(e) requires supplementation of disclosures "in a timely manner" when a party learns that a prior disclosure was incomplete. Fed. R. Civ. P. 26(e)(1)(A). Ramos was aware of the evidence she disclosed regarding Matt Bradbury and the emails exchanged with him from the outset of this litigation in January 2017. She referenced both Bradbury and the emails in an affidavit she attached to her Motion for Summary Judgment in November 2018. (*See* Doc. 69.) And yet she failed to provide either the emails or Bradbury's name to Wells Fargo until May 8, 2019. (*See* Doc. 84; Doc. 87-4.)

Ramos fails to adequately justify her decision to wait so long. Instead, Ramos contends that her counsel failed to realize that Bradbury would be needed as a fact witness

1 until she read the Court's order on summary judgment. But that does not make her
2 disclosure timely. Ramos failed to disclose the information "in a timely manner," and has
3 therefore not met Rule 26's requirements.

The Rule 37(c) sanctions for failure to disclose evidence or identify a witness are "self-executing." *See Yeti by Molly*, 259 F.3d at 1106. The party that failed to disclose bears the burden of showing that its failure to disclose was substantially justified or harmless. *Id.* at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."). Ramos has failed to carry that burden.

There are two related analyses used by courts to examine whether a party's noncompliance was harmless or substantially justified. The factors include "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; (5) the nondisclosing party's explanation for it[s] failure to disclose the evidence," *San Francisco Baykeeper v. West Bay Sanitary Dist.*, 791 F. Supp. 2d. 719 (N.D. Cal. 2011) (quoting *Dey, L.P. v. Ivax Pharm., Inc.*, 233 F.R.D. 567, 571 (C.D. Cal. 2005)), and (6) "bad faith or willfulness in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 715 (9th Cir. 2010) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)).

Here, Wells Fargo, while aware from Ramos's affidavit that Matt Bradbury existed, had not received a disclosure from Ramos identifying him as a fact witness, and had likely therefore not included him as such in their trial planning—in short, Ramos's disclosure as a fact witness would have surprised Wells Fargo. Without leave of the Court, Wells Fargo will be unable to cure that surprise because the deadline for fact discovery expired over a year ago. Re-opening discovery to allow Wells Fargo to depose Bradbury and conduct other discovery deemed necessary would again delay the progress of this case, which has been pending on the Court's docket for more than two years. The first three factors therefore support excluding the evidence.

/ / /

The importance of the evidence counsels against exclusion. The evidence from Bradbury that the VA ceased to process her loan application when she did not appear to be the owner of the property could be evidence important to Ramos's claim. Yet Ramos would not be left completely without evidence supporting her claim were the Bradbury evidence to be excluded because she herself could conceivably so testify. Yet, Plaintiff does not suggest even now that Bradbury would be able capable of offering expert testimony that Ramos's VA loan application would have been approved had it been processed. Thus, it is not clear how Ms. Ramos intends to establish that she was damaged by any potential failure to appropriate file the rescission of the former deed of trust sale. In any event even if Bradbury could testify that the VA would have approved the loan, he has never been disclosed as an expert witness, all experts were to have been disclosed in this case a very long time ago. In short, to reopen discovery would unfairly give Plaintiff a second bite at the apple on several issues of which she was aware during the pendency of this case and it would duplicate the discovery costs to the parties when discovery has been closed for over a year.

The final two factors, like the first three, favor exclusion. As previously discussed, Ramos has insufficiently justified her failure to timely disclose the evidence. And while there may not be direct evidence of bad faith, the evidence does show that Ramos willfully failed to previously disclose the evidence she now seeks to use. Wells Fargo, during the discovery period, propounded multiple requests for production that should have resulted in the production of Bradbury's name and the emails. For example, on December 1, 2017, Wells Fargo sent an interrogatory asking Ramos to "[i]dentify each and every fact that you contend establishes Wells Fargo's alleged negligence under your Good Samaritan claim that caused you an injury." (Doc. 87-1 at 4.) An additional interrogatory requested that Ramos "[e]xplain exactly . . . the factual basis for [your] contention that Wells Fargo engaged in 'deceitful, false, and fraudulent acts' with respect to preparing and recording the foreclosure documents as alleged in . . . your Amended Complaint." (*Id.* at 7.) Finally, Wells Fargo requests that Ramos explain "the factual basis for your claims of

compensatory and general damages for your . . . Good Samaritan claim[]." (*Id.* at 8.) Ramos failed to disclose either Bradbury's name or his emails in response to any of these interrogatories or any of the others. Her conduct in these circumstances certainly qualifies as willful noncompliance because of the length of her delay and because of the number of events that should have triggered disclosure but were nevertheless ignored.

But even if all that conduct does not constitute willful failure to disclose, the overall weight of the factors does not suggest that Ramos's failure to disclose was substantially justified or harmless. Particularly in this context—where Ramos was aware of Matt Bradbury and the emails all along and received interrogatories from Wells Fargo that should have resulted in disclosure, but nevertheless chose to not disclose until now—to conclude that Ramos's noncompliance was harmless would ignore Rule 26's requirements.

When deciding whether to exclude evidence under Rule 37, if a court is faced with the situation in which excluding evidence would amount to a dismissal of the claim, it must consider further factors. *See R&R Sails*, 673 F.3d at 1247. But this is not such a situation because Ramos herself will able to testify and therefore the exclusion of the late-disclosed Bradbury evidence does not amount to a dismissal of her remaining claim.

Because Ramos disclosed the evidence regarding Bradbury and his emails beyond the discovery deadline and the noncompliance was neither harmless nor substantially justified, she will not be able to introduce the evidence at trial.

A further exclusion issue was raised before the Court at the Final Pretrial Conference. Ramos's counsel avers that Wells Fargo's disclosure of the Affidavit of Rescission itself was made beyond the discovery deadline. The issue has not been fully briefed, but in light of the Court's ruling on Wells Fargo's sanctions motion, to the extent that the affidavit was untimely disclosed by Wells Fargo, it will also be excluded under the automatic operation of Rule 37.

**II.     Wells Fargo's Motion for Reconsideration**

A motion for reconsideration is to be granted only in rare circumstances, and the Court "will ordinarily deny" such a motion. L.R. Civ. 7.2(g)(1). Such a motion may be

granted only on one of four grounds: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal quotations and emphasis omitted). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citations omitted).

Wells Fargo makes several arguments for reconsideration. Most of the arguments fail because they were not properly raised during the summary judgment briefing, *see Northwest Acceptance Corp.*, 847 F.2d at 925–26, or are insufficient to cause reconsideration of the Court's prior decision.

The Court's previous ruling on summary judgment denied judgment in Wells Fargo's favor on Ramos's single remaining claim on the basis that Ramos had pointed to sufficient evidence to establish a dispute that should go to the trier of fact. Wells Fargo's arguments for reconsideration do nothing to change that—even assuming Wells Fargo's arguments were correct, Ramos herself would still be able to testify regarding her final claim, and her testimony would be sufficient to survive summary judgment on that basis. Reconsideration is therefore inappropriate here.

**III. Waiver of the Jury Trial Right**

In the parties' Proposed Final Pretrial Order, the parties dispute whether Plaintiff Bonnie T. Ramos has waived her right to a jury trial by filing her demand for a jury trial late. (*See* Doc. 92 at 41.)

Generally, issues of jury trial demands are governed by Federal Rule of Civil Procedure 38. But in cases removed from state court, Rule 81(c)(3) also applies. Rule

81(c)(3) "effectively creates three exceptions in removed actions to Rule 38(b)'s requirement that a jury trial demand must be made within fourteen days of service of the last pleading directed to the issue." *William J. Mouren Farming, Inc. v. Phillips 66 Pipeline, LLC*, No. 1:18-cv-00404-DAD-BAM, 2018 WL 3615849, at *3 (E.D. Cal. July 26, 2018) (quotation marks omitted).

First, if a party made a jury trial demand in state court before removal, it need not make another demand after removal. Fed. R. Civ. P. 81(c)(3)(A). Second, if "state law did not require an express demand for a jury trial," a party does not need to make a demand in state court unless the federal court orders it to do so. *Id.* Lastly, if all necessary pleadings to place the case at issue were filed in the state court prior to removal, a party may serve a demand within fourteen days of removal. *Id.* (B). As a failsafe of sorts, however, since courts "indulge every reasonable presumption against waiver of the jury trial right," a post-removal jury trial demand need not be made post-removal if the plaintiff's state court complaint "already contained a jury demand that would have satisfied Rule 38(b)." *Lutz v. Glendale Union High School*, 403 F.3d 1061, 1064 (9th Cir. 2005).

The Supplemental Civil Cover Sheet in this action indicates that Plaintiff did not make a jury trial demand before the case was removed to this Court and that Defendant did not file an Answer before removal. (Doc. 1-3 at 1.) This action was filed the Maricopa County Superior Court on January 10, 2017. (Doc. 1-1 at 2.) On that date, Arizona Rule of Civil Procedure 38 stated that, in non-medical malpractice actions,

> a party may obtain a jury trial by filing and serving a written demand at any time after the action is commenced, but no later than the date on which the court sets a trial date or 10 days after the date a Joint Report and Proposed Scheduling Order under Rule 16(b) or a joint report under Rule 16.3(b) are filed, whichever occurs first. The demand may not be combined with any other motion or pleading filed with the court.

Ariz. R. Civ. P. 38(b)(1) (2017).[1] Since none of Rule 81(c)(3)'s exceptions to Rule 38's

---

[1] Arizona Rule 38 was amended—effective January 1, 2019—to state that "[o]n any issue triable of right by a jury, a party need not file a written demand or take any other action in order to preserve its right to trial by jury." Ariz. R. Civ. P. 38(a) (2019). But when the action was filed in 2017, the Arizona Rules required an express demand. Ramos's waiver of her jury trial right under Federal Rules 81(c) and 38 became effective the moment

- 8 -

timing requirement apply, Ramos was required to serve and file her written jury trial demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b); *cf. Lutz*, 403 F.3d at 1063 ("Because [Defendant] had not filed its answer before it removed the case, [Plaintiff] was entitled to demand a jury trial at any time until [fourteen] days after she was served with the answer.").

Ramos failed to make a timely jury trial demand and has therefore waived her right to a jury. Fed. R. Civ. P. 38(d). Ramos's contentions to the contrary are unavailing—the fact that "Plaintiff mis-calendered the due date by two days[,] [b]ut notice was given and unquestioned" is not enough. "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pacific Fisheries Corp. v. HIH Cas. & General Ins., Ltd*, 239 F.3d 1000, 1002 (9th Cir. 2001). And while district courts have the discretionary authority under Federal Rule 39(b) to, "on motion, order a jury trial on any issue for which a jury might have been demanded," Fed. R. Civ. P. (b), "[t]hat discretion is narrow, . . . and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence," *Pacific Fisheries*, 238 F.3d at 1002 (quoting *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir. 1983)).

Thus Ramos's only hope is the failsafe identified in *Lutz*, *i.e.*, that her state court complaint contained a jury demand that would have satisfied Federal Rule 38. This inquiry requires courts to "indulge every reasonable presumption against waiver of the jury trial right," and therefore to "accept jury demands that fall far short of the ideal." *Lutz*, 403 F.3d at 1064. The bottom line is that "the jury demand [must] be sufficiently clear to alert a careful reader that a jury trial is requested on an issue." *Id.*

An examination of Ramos's state court complaint, however, reveals that she did not make a jury trial demand that would have been sufficient to satisfy the requirements of Rule 38. Indeed, an examination of the complaint fails to yield even a single instance of the word "jury." Unlike the complaint in *Lutz*, where the plaintiff requested judgment in

---

the 14-day period for making her demand expired. The latest amendments to Arizona Rule 38 do not resurrect a jury trial right that was waived more than two years ago.

- 9 -

1 her favor and "value of lost employment benefits as may be *found by a jury*," Ramos's
2 prayer for relief makes no such request. *Lutz*, 403 F.3d at 1064 (emphasis in original).

### IV. Motion in limine regarding adjudicated claims.

Wells Fargo moves in limine to preclude the introduction of evidence regarding her previously dismissed claims. Evidence regarding Ramos's other claims that is unrelated to her single remaining Good Samaritan claim would be irrelevant. To the extent that she seeks to introduce such evidence at trial, it will not be admissible. But to the extent that Ramos introduces evidence needed to lay foundation for her remaining claim, the evidence will be admitted provided that it otherwise complies with the rules of evidence. The motion is therefore granted in part and denied in part.

### V. Motion in limine regarding post-discovery disclosures

Wells Fargo also moves in limine to preclude the introduction of the same evidence that formed the basis of its motion for sanctions. Because of the Court's ruling on the motion for sanctions, this motion in limine is moot.

**IT IS THEREFORE ORDERED** that Defendant Wells Fargo Home Mortgage's Motion for Sanctions (Doc. 87) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Home Mortgage's Motion for Reconsideration (Doc. 78) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Home Mortgage's Motion in Limine regarding adjudicated claims (Doc. 94) is **GRANTED IN PART** and **DENIED IN PART**. Ramos is precluded from introducing evidence regarding her claims that have previously been dismissed but may introduce evidence needed to lay an appropriate foundation for her remaining claim.

**IT IS FURTHER ORDERED** that Defendant Wells Fargo Home Mortgage's Motion in Limine regarding post-discovery disclosures (Doc. 95) is **DENIED AS MOOT**.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that Plaintiff Bonnie T. Ramos's Demand for Jury Trial (Doc. 27) is **STRICKEN**.

Dated this 28th day of June, 2019.

_G. Murray Snow_
Chief United States District Judge